

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,549-02

**EX PARTE BENITO HINOJOSA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B-16-2120-0-CR-B-2 IN THE 156TH DISTRICT COURT
### FROM BEE COUNTY

*Per curiam.*

## O R D E R

Applicant pleaded not guilty to aggravated sexual assault of a child under 6 years and was sentenced to 40 years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Hinojosa v. State,* No. 13-18-00601-CR (Tex. App.—Corpus Christi-Edinburg, Feb. 6, 2020). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he received ineffective assistance of counsel because trial counsel failed to advise him about the State's plea offers. Applicant acknowledges that defense counsel conveyed plea offers for 25 years, 10 years, and 5 years, but he avers that counsel did not discuss the strengths and weaknesses of the case and did not adequately advise Applicant as to whether he

should plead guilty or go to trial. Instead, trial counsel merely assured Applicant that the State did not have a "winnable case." Therefore, Applicant rejected the State's plea offers and went to trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: December 14, 2022
Do not publish